NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1094n.06

No. 11-4108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Oct 23, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| CLEOPHAS L. DAVIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Cleophas L. Davis, who is represented by counsel, appeals his conviction for possessing a firearm as a convicted felon.

Davis was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  Davis filed a motion to suppress evidence seized during a traffic stop.  The district court held an evidentiary hearing.  The evidence presented at the hearing showed that Davis was the passenger in a vehicle driven by his mother, Jacqueline Davis, when two officers stopped the vehicle for a traffic violation.  The officers asked Davis whether he had "anything on him." Davis responded that he had a firearm in his back pocket.  Following the evidentiary hearing, the district court denied Davis's motion to suppress.  Davis then pleaded guilty to the charge, but preserved his right to appeal the district court's denial of his motion to suppress.  The district court sentenced Davis to thirty-five months of imprisonment.

On appeal, Davis argues that the district court erred in denying his motion to suppress because there was no probable cause to conduct a traffic stop and the officers exceeded the scope of the traffic stop by questioning him.

When reviewing a district court's denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Foster*, 376 F.3d 577, 583 (6th Cir. 2004). A factual finding is clearly erroneous if, after reviewing all of the evidence, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999). "[T]he district court's credibility determinations regarding witness testimony [are afforded] great deference," *United States v. Esteppe*, 483 F.3d 447, 452 (6th Cir. 2007), and the evidence is viewed in the light most favorable to the government. *United States v. Gunter*, 551 F.3d 472, 479 (6th Cir. 2009).

An officer may lawfully stop a motorist who he has probable cause to believe has committed a traffic violation. *See United States v. Freeman*, 209 F.3d 464, 466 (6th Cir. 2000). In this case, there was probable cause to believe that Jacqueline Davis had committed a traffic violation because the two officers who stopped her vehicle, Detective Teresa Volk and Sergeant Kevin Kelly, testified that they saw Davis's vehicle cross the double yellow line into oncoming traffic and almost strike another vehicle. *See* Ohio Rev. Code § 4511.25(A). The district court did not clearly err in determining that the officers' testimony was credible because they testified consistently about the nature of the traffic infraction and the location in which the traffic infraction occurred. To the extent that Davis argues that the officers' true motivation for initiating the stop was to investigate possible drug activity, this argument is unavailing. "The Fourth Amendment . . . permits an officer who has probable cause to believe that a traffic violation is occurring to detain the automobile, regardless of the officer's subjective motivation for the stop." *United States v. Burton*, 334 F.3d 514, 516 (6th Cir. 2003) (citing *Whren v. United States*, 517 U.S. 806, 812–13 (1996)).

Davis next contends that, even if the initial stop was supported by probable cause, Officer Kelly violated the Fourth Amendment by asking Davis if he had "anything on him." The government responds that Davis waived review of this issue because he did not raise it in his motion to suppress, or at the suppression hearing. The government correctly notes that Davis's motion to suppress focused solely on whether the initial stop was supported by probable cause. The district court noted at the outset of the evidentiary hearing that "the sole issue before the Court is the factual question in dispute whether Ms. Davis committed a traffic violation that warranted stopping her vehicle." Thus, Davis arguably has waived the argument that he now seeks to present. *See United States v. Critton*, 43 F.3d 1089, 1093 (6th Cir. 1995). Nevertheless, the district court properly concluded that no Fourth Amendment violation occurred. Officer Kelly's question to Davis did not constitute a search and, therefore, did not violate the Fourth Amendment, because simply asking an individual "if he ha[s] a weapon" or "if he ha[s] anything on him" is not the verbal equivalent of reaching into an individual's pocket or ordering an individual to "empty his pockets." *United States v. Street*, 614 F.3d 228, 234 (6th Cir. 2010). Furthermore, the officers did not unreasonably extend the length of the stop by asking Davis if he "had anything on him." Davis remained seated in the car. Officer Kelly asked Davis a single question shortly after asking Jacqueline Davis for her license and insurance, and before checking Jacqueline's driving status. Under these circumstances, no Fourth Amendment violation occurred. *See United States v. Lyons*, 687 F.3d 754, 764 (6th Cir. 2012).

The district court's judgment is affirmed.